United States District Court
Southern District of Texas
**ENTERED**
March 31, 2016
David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

| | | |
|---|---|---|
| ERNEST D. NEWMAN, | § | |
| TDCJ # 1563921, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:15-0048 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

State inmate Ernest D. Newman, who proceeds *pro se*, brings this action for habeas corpus relief from a state court conviction. Petition [Doc. # 1]. Respondent has answered with a Motion for Summary Judgment [Doc. # 16] ("Motion"), arguing that the petition must be denied. Respondent also has submitted the state court records relevant to this action. *See* State Court Record [Doc. # 6] ("Record"). Petitioner has filed a brief [Doc. # 19] ("Response") responding to Respondent's summary judgment motion. After considering the parties' pleadings, the evidence of record, and the applicable law, the Court **grants** Respondent's summary judgment motion, **denies**

Newman's petition, and dismisses this case.[1]

## I.   <u>BACKGROUND</u>

On October 22, 2013, after trial to a jury, Newman was convicted of felony driving while intoxicated ("DWI") in the 24th Judicial District Court of Victoria County, Texas.  At trial, a motorist testified that, on or about November 4, 2012, she observed an erratic driver on the highway and called 911 to report the driver, who was later identified as Newman.  Officer Randy Williams of the Victoria County Sheriff's Department responded to the call.   Officer Williams observed Newman driving erratically and saw him collide into a mailbox and fence.  Williams testified at trial that, at the time of the incident, Newman had red, bloodshot eyes, appeared to have urinated on himself, smelled of alcohol, and stammered in response to Williams' questions.   Newman advised Williams that his insurance card was in the glove compartment and, when Williams opened the compartment, he found a nearly empty bottle of gin.   *See generally* Record [Doc. # 6-11] (reporter's record of trial in chief).

---

[1]     Petitioner has filed two additional documents:  a "Motion of Question and Declarative" [Doc. # 18] and a "Motion of Inquiry" [Doc. # 20].  Both motions request information on the progress of litigation, as well as a copy of Respondent's summary judgment motion, which Petitioner has since received.  These motions will be **denied as moot**.  To the extent Petitioner's Motion of Inquiry seeks redress for prison conditions at Newman's current prison unit (for example, improper cell restrictions and denial of religious freedom) these claims are not cognizable in this habeas corpus suit.

Newman told Williams that he had drunk "a lot" of gin.  *Id*. at 46.[2]  Video from

Williams' patrol car was admitted into evidence at trial.  *See id*. [Doc. # 6-13]

(exhibits).

Newman was convicted by a jury of felony DWI and sentenced to 40 years

imprisonment in the Texas Department of Criminal Justice ("TDCJ").  The trial court

records reflect that his DWI offense was enhanced to a third-degree felony based on

two prior convictions for DWI, one from 1979 and one from 1980.  Newman

stipulated to the two prior convictions.  *Id*. [Doc. # 6-1], at 20.  In addition, Newman's

sentence was enhanced because of two additional prior convictions, one for felony

DWI in 1984 and a second for aggravated robbery in 1990.  *See id.*, at 6-7.

Newman filed a direct appeal with the 13th Court of Appeals in Corpus Christi.

The court affirmed his conviction on June 26, 2014.  *Id*. [Doc. # 6-5].  Newman did

not petition the Texas Court of Criminal Appeals or the United States Supreme Court

for discretionary review.

Newman was represented by Brent Dornburg at trial and sentencing and by

Elliott H. Costas on direct appeal.  He proceeds *pro se* on habeas corpus review.

On May 15, 2014, Newman filed a state habeas corpus petition in the 24th

---

[2]     Citations in this Memorandum to specific pages in the Record refer to the page on the
Court's Electronic Case Filing ("ECF") system.

Judicial District Court of Victoria County.  *See id*. [Doc. # 6-25] (WR-14,514-06).
The writ was dismissed on August 6, 2014 because Newman's conviction was not
final at the time his application was filed.  *See id*. Doc. # 6-21.  Newman then filed a
federal habeas petition and, on March 10, 2015, Judge Lynn Hughes of the Southern
District of Texas dismissed the petition because he had failed to exhaust his state court
remedies.  *See* Order of Dismissal, *Newman v. Stephens*, No. 6-15-CV-003, dated
Mar. 10, 2015 ("Newman still has time to file a habeas petition with the Texas Court
of Criminal Appeals").

On March 22, 2015, Newman again filed a state habeas corpus petition in the
24th Judicial District Court of Victoria County.  *See* Record [Doc. # 6-28] (WR-
14,514-07).  On May 20, 2015, the Texas Court of Criminal Appeals denied the
petition without written order.  *See id*. [Doc. # 6-26] ("Denied without written order
on findings of trial court without hearing.")

Newman filed the instant federal habeas petition on June 23, 2015.  He brings
eight claims for habeas relief, all of which were presented to the state habeas court.
Newman complains that his prior convictions were improperly used against him, in
violation of the prohibition against double jeopardy, his right to due process, and his
right to an impartial jury.  He further alleges that he was denied a public trial because
the sheriff restricted entrance to the courtroom; that he was denied the opportunity to

cross-examine State witnesses; that he was denied compulsory process for obtaining witnesses in his favor; that his trial attorney rendered ineffective assistance of counsel because, among other things, he did not adequately seek discovery, subpoena witnesses, preserve evidence and test it for fingerprints and DNA, or object to an unauthenticated video from Newman's arrest; and that his appellate attorney rendered ineffective assistance because he "did nothing to support" the brief he filed.  *See* Petition [Doc. # 1].[3]

Newman's Petition attaches several affidavits that were filed in the 2015 state habeas proceedings.  First, Teresa Easley, an Assistant District Attorney for Victoria County and the lead prosecutor of Newman, averred on April 15, 2015, that the courtroom was never closed to public during Newman's trial, and that Newman's trial counsel cross-examined both of the State's witnesses.  She further stated that prosecutors had no agreement with Newman's defense counsel to forego cross-examination of witnesses.  Easley Affidavit [Doc. # 1-5], at 14.  Second, Brent Dornburg, trial counsel for Newman, submitted an affidavit dated April 2, 2016.

---

[3]     *See also* Response, at 4 ( "My claim is I committed no crime.  I was forced to get out of the road by drug smugglers who openly admitted they were high on cocain[e] and drinking beer.  Deputy Roblas was the officer who answer[ed] the ranchers' 911 call and he at[t]empted to kill me after he handcuffed my hands behind my my [sic] back he beat me with his night stick to force me to drink something drug smugglers made up in a plastic bucket.  That is why they refused to show original video or call eyewitnesses or present my truck as evidence.")

Dornburg refuted Newman's statement that he had rendered ineffective assistance, averring that he had filed all appropriate pre-trial motions; that he made efforts to obtain the gin bottle and Newman's truck to investigate Newman's statements but that his efforts were unsuccessful; and that the video from the incident, which Dornburg had "no reason to believe had been modified, other than [Newman's] claim, plainly showed [Newman] operating, wrecking, and getting out of his vehicle," in addition to "the large Gin bottle, almost empty, being removed from the truck."  Dornburg Affidavit [Doc. # 1-5], at 18-19.  On April 10, 2015, Dornburg provided a supplemental affidavit, stating that Newman's stipulations to his prior convictions were completely voluntary, that Dornburg never agreed with the prosecutors or anyone to forgo cross-examination of witnesses during Newman's trial, and that Newman had never indicated that additional eyewitnesses to the incident existed. Dornburg Supplemental Affidavit [Doc. # 1-5], at 15-16.

Respondent's summary judgment motion seeks dismissal of all of Newman's claims.

## II.   **LEGAL STANDARD**

Generally, motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure.  However, the respondent's motion for summary judgment must be analyzed in light of federal habeas corpus statutes. *Smith v.*

*Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds*, *Tennard v. Dretke*, 542 U.S. 274 (2004).  All federal habeas corpus proceedings filed after April 24, 1996 are governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

For claims containing both legal and factual questions, a federal court may not issue a writ of habeas corpus unless the adjudication in state court resulted in a holding that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).  *See Harrington v. Richter*, 562 U.S. 86, 100 (2011).  A state court's decision is contrary to clearly established federal law if it reaches a legal conclusion that directly conflicts with a prior holding of the Supreme Court or if it reaches a different conclusion than the Supreme Court based on materially indistinguishable facts.  *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003); *Nelson v. Quarterman*, 472 F.3d 287, 292 (5th Cir. 2006).  A state court unreasonably applies clearly established federal law if it correctly identifies the governing legal principle but applies that principle in an objectively unreasonable manner.  *Brown v. Payton*, 544 U.S. 133, 141 (2005); *Nelson*, 472 F.3d at 292.

Review under § 2254(d)(1) is "limited to the record that was before the state

court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).  All of the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption through clear and convincing evidence. *Nelson*, 472 F.3d at 292 (citing 28 U.S.C. § 2254(e)(1); *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000)).  Additionally, "[a]ll credibility choices and conflicting inferences are to be resolved in favor of the verdict." *Ramirez v. Dretke*, 398 F.3d 691, 695 (5th Cir. 2005) (citing *United States v. Cyprian*, 197 F.3d 736, 740 (5th Cir. 1999)).  When a dispute is purely factual, a petitioner is not entitled to relief unless he proves that the state court's decision was "'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'"  *Buntion v. Quarterman*, 524 F.3d 664, 670 (5th Cir. 2008) (quoting 28 U.S.C. § 2254(d)(2)).  "'The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold.'" *Id.* (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).

A central goal of the AEDPA is to limit the "federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).  The AEDPA "stops short of imposing a

complete bar on federal court relitigation of claims already rejected in state court proceedings." *Harrington*, 562 U.S. at 102.

In addition, pre-AEDPA precedent forecloses habeas corpus relief if any of the following circumstances are present: (1) the claim is barred as a consequence of the petitioner's failure to comply with state procedural rules, *Coleman v. Thompson*, 501 U.S. 722 (1991); (2) the claim seeks retroactive application of a new rule of law to a conviction that was final before the rule was announced, *Teague v. Lane*, 489 U.S. 288 (1989); or (3) the claim asserts trial error that, although of constitutional magnitude, did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993).

Courts construe pleadings filed by individuals proceeding *pro se* under a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Pleadings filed by *pro se* litigants are entitled to a liberal construction. *See Haines*, 404 U.S. at 520-21; *see also Pena v. United States*, 122 F.3d 3, 4 (5th Cir. 1997). "'At the same time, however, mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'" *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (quoting *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)). *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court

cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se*

petition . . . to be of probative evidentiary value.").

## III.  <u>ANALYSIS</u>

Newman raises eight issues in his Petition, which generally fall into three

categories:  (1) claims that his right to due process and the prohibition against double

jeopardy were violated by reliance on his prior convictions; (2) claims that his Sixth

Amendment rights were violated at trial; and (3) claims that his trial and appellate

counsel rendered ineffective assistance under Sixth Amendment standards.

Respondent agrees that Newman has exhausted his state court remedies.  *See* Motion,

at 6.

### A.    <u>Double Jeopardy and Due Process Claims Based on State's Reliance on Newman's Prior Convictions</u>

Newman argues in his first, second, and fourth grounds for relief that the

prosecution violated the constitutional guarantee of due process and prohibition

against double jeopardy when the State relied at trial on Newman's prior convictions.

As stated in the Background section above, the DWI offense for which Newman was

convicted was enhanced to felony DWI based on two of Newman's prior convictions

for DWI, one from 1979 and one from 1980.  Newman's sentence then was enhanced

because of two additional prior convictions, one for felony DWI in 1984 and a second

for aggravated robbery in 1990.  *See* Record [Doc. # 6-1], at 6-7.

The double jeopardy clause of the Fifth Amendment provides that no person shall be "subject for the same offence to be twice put in jeopardy of life or limb," and protects against successive punishments or prosecutions for the same criminal offense. U.S. CONST. amend. V; *United States v. Dixon*, 509 U.S. 688, 695-96 (1993).  *See United States v. Pratt*, 728 F.3d 463, 478 & n.59 (5th Cir. 2013).  Newman argues that, when his 2013 DWI offense was enhanced from a misdemeanor to a felony based on his prior convictions, he was "twice put in jeopardy for same crimes" for which he already had been convicted, in violation of the constitutional prohibition against double jeopardy.  Petition, at 6.  *See* Response, at 2-3.

The due process clause provides that no person shall be "deprived of life, liberty, or property, without due process of law."  U.S. CONST. amend. V.  Newman's Petition alleges that the due process clause was violated because the State tried him for a felony DWI offense rather than a misdemeanor.  *See* Petition, at 6-7 (claiming that he was deprived of due process and an impartial jury because he did not receive a trial on his misdemeanor offense, and because the evidence of his prior convictions prejudiced the jury against him).  Newman's Response does not direct the Court to any authority supporting these claims.

As Newman argues, the State relied on Newman's two prior DWI convictions

to enhance his 2013 DWI offense to a third-degree felony.  Newman was convicted

under Texas Penal Code § 49.04, which provides that operating a motor vehicle in a

public place while intoxicated is a misdemeanor offense.  He also was convicted under

Section 49.09, which provides for enhancement of the misdemeanor offense to a third

degree felony if the defendant has two prior convictions for DWI:

> An offense under Section 49.04 . . . is a felony of the third degree if it is
> shown on the trial of the offense that the person has previously been
> convicted . . . two times of any other offense relating to the operating of
> a motor vehicle while intoxicated. . . .

TEX. PENAL CODE § 49.09(b)(2).  In other words, under Texas law, Newman's prior

convictions for DWI were an element of the felony DWI offense under Section

49.09(b)(2).[4]  At trial, Newman stipulated to his two prior DWI convictions.  Record

[Doc. # 6-1], at 20.

Newman has not shown that he was prosecuted twice for the same offense, as

would be prohibited by the double jeopardy clause.  In order to convict Newman of

---

[4]     *See Hollen v. State*, 117 S.W.3d 798, 802 (Tex. Crim. App. 2003) (two prior
convictions "are elements of the offense that must be proven to the factfinder . . . to
establish the offense of felony DWI"); *Weaver v. State*, 87 S.W.3d 557, 560 (Tex.
Crim. App. 2002) (prior intoxication offenses are "specific attendant circumstances"
that serve to define in part the forbidden conduct of felony DWI); *Gibson v. State*, 995
S.W.2d 693, 696 (Tex. Crim. App. 1999).  Proof of prior offenses under Section 49.09
determines which court has jurisdiction over the matter, because misdemeanor DWI
offenses are tried in the county courts but felony DWI offenses are tried in the district
courts.  *Gibson*, 995 S.W.2d at 695-96  (citing TEX. CODE. CRIM. PROC. art. 4.05 &
4.07).

felony DWI, the State was required to prove that Newman had two prior DWI convictions as an element of the offense.  However, the State also had to prove an additional element:  that Newman was guilty of the 2013 DWI offense.  Because the prior convictions were not the "same criminal offense" as his 2013 DWI offense, Newman's double jeopardy claim fails.   *See Dixon*, 509 U.S. at 695-96 (double jeopardy clause protects against successive prosecutions or punishments for "the same criminal offense").

Moreover, although Newman asserts that his rights to "due process" and an "impartial jury" were violated, he directs the Court to no authority suggesting that federal habeas relief is available based on the enhancement of his offense under Section 49.09, or based on the fact that the trial court admitted his stipulation regarding prior convictions into evidence.  Issues of state criminal procedure are not cognizable in federal habeas proceedings unless the petitioner shows that his federal constitutional rights were violated.  *See Lawrence v. Lensing*, 42 F.3d 255, 258 (5th Cir. 1994); *Rubio v. Estelle*, 689 F.2d 533, 536 (5th Cir. 1982).

To the extent Newman also complains of the enhancement of his punishment under Texas Penal Code § 12.42, his claim fails.  The use of prior convictions to enhance a sentence does not violate the constitutional prohibition against double jeopardy.  *Sudds v Maggio*, 696 F.2d 415, 417-18 (5th Cir. 1983).  *See Gibson*, 995

S.W.2d at 696 ("We conclude that prior intoxication-related convictions serve the purpose of enhancing the offense in Section 49.09(b) whereas the prior convictions used in Section 12.42(d) serve the purpose of enhancing punishment.")

Finally, under the AEDPA, this Court must afford deference to the findings and conclusions of the state habeas court.  Newman presented his claims regarding his prior convictions on state habeas review, and the Texas CCA considered and rejected the claim.  *See* Record [Doc. # 6-28] (State Habeas Writ WR-14,514-07) (Claim 1). The CCA's explicit and implicit factual findings are entitled to a presumption of correctness. Newman has not shown clear and convincing evidence to rebut this presumption under Section 2254(e)(1), nor has he shown an unreasonable application of clearly established federal law or unreasonable application of facts in light of evidence presented under Section 2254(d).

Summary judgment is granted for Respondent on Newman's double jeopardy and due process claims.

## B.    Sixth Amendment Claims

### 1.    Denial of Public Trial

Newman's third ground for relief alleges that he was denied a public trial because, although the courtroom doors were not locked, the sheriff restricted entrance to the courtroom.  Newman presumably is complaining about security measures in

place at the courthouse.  He does not identify any person(s) who were excluded from the courtroom, nor does he allege that the public was excluded from the courtroom for all or part of the proceedings.

The Sixth Amendment provides that, in all criminal prosecutions, "the accused shall enjoy the right to a . . . . public trial." U.S. CONST. amend. VI.

> This right [to a public trial] exists to ensure the fairness of the proceedings and to encourage witnesses to come forward with information. The right to a public trial is not absolute, however, and must be balanced against other interests essential to the administration of justice.
>
> In *Waller v. Georgia*, the United States Supreme Court adopted the following test for determining when the defendant's right to a public trial is outweighed by other considerations: 1) a party seeking to close a court proceeding must advance an overriding interest that is likely to be prejudiced; 2) the closure must be no broader than necessary to protect that interest; 3) the trial court must consider reasonable alternatives to closing the proceeding; and 4) it must make findings adequate to support the closure.

*United States v. Osborne*, 68 F.3d 94, 98 (5th Cir. 1995) (internal citations and footnotes omitted) (citing *Waller v. Ga.*, 467 U.S. 39 (1984)).  *See United States v. Cervantes*, 706 F.3d 603, 611 (5th Cir. 2013).

In this case, Newman has not alleged that any member of the public was excluded from the trial, nor has he alleged any partial or total closure of any proceedings in his case.  His claim is conclusory and, in fact, he has failed even to allege a violation of his right to a public trial.  The Court notes that the prosecutor's

affidavit, submitted during state habeas proceedings, states that the courtroom was never closed to the public.  Easley Affidavit [Doc. # 1-5], at 14.

Respondent is entitled to summary judgment on this Sixth Amendment claim.

### 2.      Right to Cross-Examine

Newman's fifth ground for relief alleges that he was denied the opportunity to cross-examine the State's witnesses.  His Petition states that his "[t]rial attorney would not ask questi[ons] [Newman] was requesting on certain issues and [asked] very few questions." Petition [Doc. # 1-2].

The Sixth Amendment guarantees a criminal defendant the right "to be confronted with the witnesses against him."  U.S. CONST. amend. VI.  *See United States v. Skelton*, 514 F.3d 433, 438-39 (5th Cir. 2008).  A defendant's rights under the Confrontation Clause are "generally satisfied when the defendant has been permitted to expose to the jury the facts from which jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witness." *United States v. Rosbottom*, 763 F.3d 408, 416 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 985 (2015) (internal quotation marks and citations omitted).  However, the Sixth Amendment does not provide for unlimited cross-examination.  "'[T]he Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the

defense might wish.'" *Skelton*, 514 F.3d at 439 (quoting *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985)) (emphasis original to *Fensterer*).

At Newman's trial, his counsel cross-examined all witnesses who testified for the State. *See* Easley Affidavit [Doc. # 1-5], at 14; Dornburg Supplemental Affidavit [Doc. # 1-5], at 15-16.  Newman provides no specifics supporting this claim, other than to assert that his attorney asked "very few" questions and did not ask questions that Newman was requesting.  Petition [Doc. # 1-2].  To the extent Newman intends to bring a claim for ineffective assistance of counsel, that claim is addressed below. His claim based on the Sixth Amendment's Confrontation Clause is utterly unfounded and must fail on summary judgment grounds.

Respondent is entitled to summary judgment on his claim of violation of his right to cross-examine witnesses at trial.

### 3.    Compulsory process for defense witnesses

Newman alleges that he was denied compulsory process for obtaining witnesses in his favor, including a rancher and an additional law enforcement officer.

The Sixth Amendment guarantees a criminal defendant the right "to have compulsory process for obtaining witnesses in his favor."  U.S. CONST. amend. VI.

> The Supreme Court has recognized that this right is an essential attribute of the adversary system itself and that few rights are more fundamental than that of an accused to present witnesses in his own defense. Accordingly, at a minimum[,] criminal defendants have the right to the

> government's assistance in compelling the attendance of favorable witnesses at trial and the right to put before a jury evidence that might influence the determination of guilt.  The compulsory process right is not absolute, however; when requesting a court to subpoena a witness, a defendant has the duty to demonstrate the necessity of the witness's testimony.

*United States v. Soape*, 169 F.3d 257, 268 (5th Cir. 1999)  (internal quotation marks, citations, alterations, and footnotes omitted) (citing, *inter alia*,  *Taylor v. Illinois*, 484 U.S. 400, 408 (1988); *Pennsylvania v. Ritchie*, 480 U.S. 39, 56 (1987); *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982)).

Newman's Petition appears to fault his trial attorney for the failure to obtain certain witnesses, rather than criticize conduct by the prosecution or courts.  He alleges that he "requested eye witnesses from Ranch who witnessed issue I was arrested for and the officer who arrested me, not Officer who made video and woman who worked at store I stop[p]ed at to use their restroom."  Petition [Doc. # 1-2].  He further states in his briefing that he was "afforded [an] attorney who District Attorney's office said would get the witnesses he was requesting yet he failed to do so."  Response, at 3.

Newman has failed to allege that the prosecutors or the trial court impeded his requests to obtain testimony of any particular witness. *See Soape*, 169 F.3d at 268.[5]

---

[5]     To the extent Newman claims ineffective assistance by his trial counsel, that claim is addressed below.

Moreover, he has failed to demonstrate that the testimony of an additional officer or a "rancher" was necessary. Indeed, he offers nothing more than conclusory and fanciful statements.[6] Respondent is entitled to summary judgment on this claim.

### 4.    AEDPA Deference

For the reasons stated above, Newman's claims regarding his rights to a public trial, confrontation of witnesses against him, and compulsory process all fail on the merits. In addition, because Newman presented these claim on state habeas review and the Texas CCA considered and rejected them, *see* Record [Doc. # 6-28] (State Habeas Writ WR-14,514-07) (Claim 2), the CCA's explicit and implicit factual findings are entitled to a presumption of correctness. Newman has not shown clear and convincing evidence to rebut factual findings by the state courts under Section 2254(e)(1), nor has he shown that the state courts unreasonably applied clearly established federal law or unreasonably applied the law to the facts in light of evidence presented, under Section 2254(d). The AEDPA requires this Court to defer to the state habeas court's findings and conclusions, and this deference provides additional support for summary judgment in Respondent's favor.

---

[6]    Newman appears to assert that an additional or different officer was on the scene. *See* Response, at 1-2 (alleging that Officer Randy Williams, who testified at trial, was not actually the officer who arrived first on the scene and that Petitioner did not see him at the scene); *id.* at 4 ("Deputy Roblas was the officer who answer[ed] the rancher's 911 call and he at[t]empted to kill me").

## C.     Ineffective Assistance of Trial Counsel

Newman's seventh claim for relief is that his trial counsel rendered ineffective assistance of counsel.

The Sixth Amendment guarantees a criminal defendant the right to have the assistance of counsel for his defense.  U.S. CONST. amend. VI.  This right is violated if a defendant's attorney renders "ineffective assistance of counsel."  *Strickland v. Washington*, 466 U.S. 668 (1984).  To succeed on an ineffective assistance claim, a petitioner must show  (1) that counsel's performance was deficient ***and*** (2) that the deficient performance prejudiced the defense.  *Garcia v. Stephens*, 793 F.3d 513, 523 (5th Cir. 2015), *cert. denied*, 136 S. Ct. 897 (2016).

> To satisfy the deficient performance prong, the defendant must show that counsel's representation fell below an objective standard of reasonableness. This is a highly deferential inquiry, attended by a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  To satisfy the prejudice prong, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

*Id*. (internal citations, quotation marks, and footnotes omitted).

Newman's Petition alleges that trial counsel "failed to file motion for discovery, fast and speedy trial, subpoena witnesses for defen[s]e, have imaginary evidence of state tested for fingerprints and DNA."  Petition [Doc. # 1-3].  He further alleges that Dornburg "should [have] objected to showing of unauthenticated video, he should

[have] cross[-] examine[d] witnesses for state" and that Dornburg "allowed evidence for defen[s]e [to] be d[i]sposed of." *Id.*[7]  Newman's complaints about Dornburg fall into several categories:  failure to file motions; failure to test, preserve, or object to evidence; failure to call defense witnesses; and failure to cross-examine State witnesses.

Newman's conclusory allegations fail to demonstrate ineffective assistance of counsel.  First, regarding Newman's allegations that Dornburg failed to file proper motions, Newman states that Dornburg failed to file discovery and speedy trial motions.  Newman does not state what particular discovery Dornburg should have requested, nor does he indicate how such discovery would have been favorable to his case.  He also fails to demonstrate how he was prejudiced by the failure to file a speedy trial motion.  Dornburg stated in his affidavit that he filed all appropriate pre-trial motions, detailing his decisions to file a Motion Suggesting Incompetency and a Motion for Funds.  Dornburg Affidavit [Doc. # 1-5], at 18.[8]

---

[7]  Newman's summary judgment Response makes similar allegations, asserting that Dornburg failed to "get the witnesses [Newman] was requesting" and to prevent disposal of Newman's truck.  Newman asserts that this evidence would have proved that the video was "fake" and that the State's witnesses were lying.  He also complains that Dornburg failed to object "to the showing of the unauthenticated video" and failed to have "DNA and fingerprints tested on Gin bottle."  Response, at 3.

[8]  Dornburg's affidavit states that he filed two pre-trial motions.  First, he filed a Motion Suggesting Incompetency which was "filed primarily based upon the unbelievable set (continued...)

As stated above, the ineffective assistance inquiry under *Strickland* is highly deferential to trial counsel, allowing for counsel to make judgment calls and strategic decisions within the "wide range of reasonable professional assistance."  *See Garcia*, 793 F.3d at 523.  Of course, counsel is not required to file frivolous motions.  *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998).  Newman has failed to show that Dornburg's performance was deficient, or that Newman was prejudiced, when Dornburg elected not to file unspecified discovery or speedy trial motions.

Second, regarding the alleged failure to test, preserve, or object to evidence, Newman complains that Dornburg failed to object to an "unauthenticated video," by which Newman apparently intends to refer to law enforcement's video from the scene of the DWI incident.  He also complains that Dornburg did not test, or prevent disposal of, Newman's truck and the gin bottle from the scene.  Dornburg's affidavits, presented in state habeas proceedings, stated that he attempted to obtain both the truck and gin bottle to investigate Newman's statements, but that his attempts were

----

8        (...continued)
         of facts" given by Newman.  The trial court found Newman competent to stand trial.
         Second, Dornburg filed a Motion for Funds to have an expert examine the video,
         based on Newman's claims that the video had been modified.  This motion
         was mooted when Newman, "on the record, waived examination of the video by an expert
         and indicated that he desired to proceed to trial."  Dornburg Affidavit [Doc. # 1-5],
         at 18.

unsuccessful.[9]   These efforts fall within the "wide range of reasonable professional assistance" that does not violate Sixth Amendment standards.  *See Garcia*, 793 F.3d at 523.  Regarding the video, Dornburg stated he had "no reason to believe" that the video had been modified, "other than [Newman's] claim" regarding modification, and that the video "plainly showed [Newman] operating, wrecking, and getting out of his vehicle," in addition to "the large Gin bottle, almost empty, being removed from the truck."  Dornburg Affidavit [Doc. # 1-5], at 19.   Again, this exercise of judgment by Dornburg was permissible within the wide range of professional reasonable assistance of counsel.  The existence of a contemporaneous video and other significant evidence of Newman's behavior also undermines Newman's claim of prejudice from counsel's alleged failure to procure the gin bottle or truck.   Newman therefore has failed to demonstrate deficient performance or prejudice under *Strickland*.

Third, regarding Newman's allegation that Dornburg failed to call defense witnesses, Newman apparently is referring to an unnamed eyewitness from a nearby ranch, an unnamed woman at an unspecified store where Newman used the restroom at an unspecified time, and a "Deputy Roblas" who answered a 911 call and allegedly

---

[9]   Dornburg states that the gin bottle "was not taken into evidence, and could not be located." Dornburg Affidavit [Doc. # 1-5], at 18. As for the truck, Dornburg "located the towing company that towed the vehicle and went to their storage yard, but the truck was no longer there." *Id*. The wrecker company told Dornburg that "the truck had been 'disposed of' and was no longer in their possession," and would provide "no further details." *Id*. at 18-19.

attempted to kill Newman.  *See* Petition [Doc. # 1-2]; Response, at 4.  To prevail on a claim regarding uncalled witnesses, "the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense."  *United States v. Fields*, 761 F.3d 443, 461 (5th Cir. 2014) (internal quotation marks and citation omitted), *cert. denied*, 135 S. Ct. 2803 (2015).  *See Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002). Ineffective assistance claims based on uncalled witnesses are disfavored.[10]  In this case, Newman has provided no evidence regarding missing witnesses, but only his own unsupported statements in his Petition and briefing.  These conclusory statements are insufficient to demonstrate deficient performance or prejudice under *Strickland* standards, especially given the statement by counsel that Newman never indicated that additional eyewitnesses were available.  *See* Dornburg Supplemental Affidavit [Doc. # 1-5], at 15-16.[11]

---

[10]    "'Complaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative.'" *Graves v. Cockrell*, 351 F.3d 143, 156 (5th Cir. 2003) (quoting *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir.1978)).

[11]    *See Sayre v. Anderson*, 238 F.3d 631, 636 (5th Cir. 2001) ("'Where the only evidence of a missing witnesses' testimony is from the defendant, [the Fifth Circuit] views claims of ineffective assistance with great caution'" (quoting *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir.1986))).

Finally, regarding Newman's allegation that trial counsel failed to cross-examine the State's witnesses, the trial record reflects that Dornburg questioned both State witnesses.  Moreover, both prosecutor Easley and defense counsel Dornburg aver in their affidavits that counsel had no agreement to forgo cross-examination of any witness.  To the extent Newman is alleging that particular questions should have been put to the witnesses but were not, Newman does not specify any such questions and thus wholly fails to show any deficient performance, much less prejudice.

Finally, the deferential *Strickland* standard is "doubly" deferential on habeas review, when a petitioner must satisfy not only *Strickland* but the stringent standards of Section 2254(d).  *Garcia*, 793 F.3d at 523 (citing, *inter alia*, *Harrington*, 562 U.S. at 105).  *See Schaetzle v. Cockrell*, 343 F.3d 441, 444 (5th Cir. 2003).  Newman presented his ineffective assistance claim on state habeas review, and the Texas CCA considered and rejected the claim.  *See* Record [Doc. # 6-28] (State Habeas Writ WR-14,514-07) (Claim 3).  The CCA's explicit and implicit factual findings are entitled to a presumption of correctness. Newman has not shown clear and convincing evidence to rebut, under Section 2254(e)(1), nor has he shown an unreasonable application of clearly established federal law or unreasonable application of facts in light of evidence presented, under Section 2254(d).

Summary judgment is granted for Respondent on each of Newman's claims

regarding ineffective assistance of trial counsel.

### D.      Ineffective Assistance of Appellate Counsel

Newman's eighth claim for relief is that his appellate counsel, Elliott Costas, rendered ineffective assistance.  In support of this claim, Newman alleges that Costas "filed [an] appellate brief and did nothing to support it, he would not approve my litigation therefore [the] appellate brief was without support."  Petition [Doc. # 1-3]. He further alleges that Costas "failed to file motion for leave of appeals court to be removed from attorney of record in appeal."  *Id*.  In Newman's briefing, he states that Costas should have corresponded with or talked to him before filing the brief on direct appeal, because  "Petitioner was wanting to file on claim of the same nature as is raised in this application for a writ of habeas corpus," but Costas instead filed a claim that the sentence violated the [E]ighth [A]mendment."  Response, at 4.

The same deferential *Strickland* standards apply to this ineffective assistance claim.  Newman must show that his appellate counsel's performance was deficient *and* prejudice, or a "reasonable probability" that he would have prevailed on appeal if counsel's performance had been adequate.[12]

---

[12]    *See Garcia*, 793 F.3d at 523 (defendant must show that counsel's representation was deficient, falling outside a "wide range of reasonable professional assistance," and must show prejudice by demonstrating a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different") (internal quotation marks and citation omitted).

Because Newman has failed even to identify claims appellate counsel should have raised, he fails to show either deficient performance or prejudice. To the extent Newman relies on his allegation that Costas should have brought on direct appeal the same claims Newman brought in his habeas petitions, this conclusory allegation is inadequate to satisfy *Strickland*'s standards.[13]

Finally, as noted earlier, the deferential *Strickland* standard is "doubly" deferential on habeas review, when a petitioner must satisfy not only *Strickland* but the stringent standards of Section 2254(d). *Garcia*, 793 F.3d at 523. *See Schaetzle*, 343 F.3d at 444. Newman presented his appellate ineffective assistance claim on state habeas review, and the Texas CCA considered and rejected the claim. *See* Record [Doc. # 6-28] (State Habeas Writ WR-14,514-07) (Claim 4). The CCA's explicit and implicit factual findings are entitled to a presumption of correctness. Newman has not shown clear and convincing evidence to rebut, under Section 2254(e)(1), nor has he shown an unreasonable application of clearly established federal law or unreasonable application of facts in light of evidence presented, under Section 2254(d). Summary judgment is granted for Respondent.

---

[13]     Furthermore, direct appeal and habeas proceedings serve different purposes, and the same claims often cannot be brought in both types of proceedings. Direct appeals generally are decided on the trial record only, while additional factual development is permitted during habeas proceedings. *See Massaro v. U.S.*, 538 U.S. 500, 504-05 (2003).

## IV.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, a certificate of appealability ("COA") is required before an appeal may proceed.  28 U.S.C. § 2253.  *See Reed v. Stephens*, 739 F.3d 753, 764 (5th Cir. 2014); *Hallmark v. Johnson,* 118 F.3d 1073, 1076 (5th Cir. 1997).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . .'." *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)(1)).

A COA will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'"  *Tennard,* 542 U.S. at 282 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner is required to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller–El,* 537 U.S. at 336 (internal citations and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid

claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484. A district court may deny a COA *sua sponte,* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000).

In this case, the Court concludes that reasonable jurists would not debate whether the petition should have been resolved in a different manner.  Likewise, the Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner has stated a valid claim of the denial of a constitutional right.  Therefore, a COA will not issue.

## V.   CONCLUSION AND ORDER

For the foregoing reasons it is hereby

**ORDERED**  that Respondent's Motion for Summary Judgment [Doc. # 16] is **GRANTED**.  This case is **DISMISSED WITH PREJUDICE**.  It is further

**ORDERED**   that Petitioner's "Motion of Question and Declarative" [Doc. # 18] and "Motion of Inquiry" [Doc. # 20] are **DENIED as moot**.

A separate final judgment will issue.

No certificate of appealability will issue.

SIGNED at Houston, Texas, this 31st day of **March, 2016**.

P:\ORDERS.Prsnr\2015\48 hc.wpd   160331.1145

29

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE